**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

        **Petitioner,**

  vs.                                                                6:09-MC-48
                                                                         (NAM/GJD)

**MICHAEL CORTESE, PRESIDENT M.**
**CORTESE TRUCKING CO. INC.,**

        **Respondent.**

---

APPEARANCES:                                       OF COUNSEL:

ANDREW T. BAXTER                                   Paula Ryan Conan
UNITES STATES ATTORNEY                             Assistant U.S. Attorney
P.O. Pox 7198
100 S. Clinton Street
Syracuse, New York 13261-7198
*Attorney for Petitioner*

Michael Cortese
741 Erie Boulevard West
Rome, New York 13440
*Respondent Pro Se*

**Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

This matter is before the Court upon the United States of America's petition to judicially enforce Internal Revenue Service ("IRS") summonses pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).  Pursuant to the petition, the IRS is investigating the income tax liability of M. Cortese Trucking Co., Inc. for the fiscal years ended July 31, 2002, July 31, 2004 and December 31, 2005 and for the calendar years ended December 31, 2005, December 31, 2006 and December 31,

2007.  **II.     FACTS AND PROCEDURAL HISTORY**[1]

On June 5, 2008, as part of an investigation into the tax liability of respondent, Revenue Officer Pamela Bailey, employed in the Small Business/Self-Employed Division North Atlantic Compliance Area of the IRS, issued two administrative summonses in accordance with 26 U.S.C. § 7602.  The first summons directed respondent to appear before the Issuing Officer on July 7, 2008 to give testimony and produce, "all books, records, papers and other data in the possession and control of M. Cortese Trucking, Inc." for the fiscal periods ending December 31, 2005, December 31, 2006 and December 31, 2007.   The second summons requested the same information and testimony for the periods July 31, 2002, July 31, 2004 and December 31, 2005.[2]  On June 5, 2008, Revenue Officer Bailey personally served the summonses upon respondent.

Respondent did not appear in response to the summonses.[3]  On May 5, 2009, the government sent a letter to respondent advising that legal action would be commenced "within the next several weeks" unless respondent complied with the summonses.[4]   On June 15, 2009, the government commenced this action by filing a Petition to Enforce IRS Summonses pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).  On June 18, 2009, the Court issued an Order to Show Cause requiring the appearance of respondent on September 2, 2009 at 10:00 a.m. to show cause why

---

[1] The facts are taken from the government's petition and accompanying exhibits.  The respondent did not filed any opposition to the relief requested in the petition.

[2] In the Summons for the periods July 31, 2002, July 31, 2004 and December 31, 2005, respondent is directed to provide, "all bank statements, checkbooks, canceled checks, savings account passbooks, and records of certificates of deposit for the period January 1st 2008 to May 31, 2008 . . .".  As the record lacks any evidence with regard to an investigation into tax liability for 2008, the Court deems reference to January 2008 and May 2008 to be a typographical error.

[3] Revenue Officer Bailey claims that respondent also failed to appear on August 18, 2008 in response to a letter issued by the Office of Chief Counsel.  However, the letter is not part of the record herein.

[4] The record does not contain any reply from respondent to the government's correspondence.

the relief requested in the petition should not be granted. The Order further directed respondent to file any opposition papers on or before August 19, 2009. On July 8, 2009, the U.S. Marshal's Service personally served respondent with the Order to Show Cause and papers upon which it was based. Respondent did not file any opposition papers and appeared before this Court on September 2, 2009 and advised that he did not have any objection to the enforcement of the summons.[5]

## II.     DISCUSSION

Pursuant to 26 U.S.C. § 7602(a), the IRS is authorized to issue summonses for the purpose of ascertaining the correctness of any return or to determine the liability of any person for any internal revenue tax. *See* 26 U.S.C. §§ 7602(a). The IRS is authorized "to examine any books, papers, records or other data which may be relevant or material" and "to take such testimony of the person concerned, under oath, as may be relevant to such inquiry". *See* 26 U.S.C. §§ 7602(a)(1), 7602(a)(3).

In this matter, the government's petition is based upon 26 U.S.C. §§ 7402(b) and 7604(a) which provide as follows:

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

26 U.S.C. §§ 7402(b) and 7604(a).

Before the Court can enforce an IRS summons, the government must show: (1) "that the

---

[5] The respondent was unable to appear in person. The Court allowed respondent to appear via telephone conference.

investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry may be relevant to the purpose; (3) that the information sought is not already within the Commissioner's possession; and (4) that the administrative steps required by the Code have been followed." *U.S. v. Hopper*, 2005 WL 3277778, at *1 (E.D.N.Y. 2005) (quoting *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964)).  The government's burden of proof of its compliance with *Powell* is minimal as these proceedings generally occur at early investigative stages when no guilt or liability of the taxpayer has been established.  *U.S. v. White*, 853 F.2d 107, 111 (2d Cir. 1988) (holding that the primary issue presented in a summons enforcement proceeding is whether the IRS had a valid tax determination or collection purpose in issuing its summons).  The government may establish its *prima facie* case by the affidavit of an agent involved in the investigation averring each *Powell* element. *Id*. at 110.  Once the government establishes a *prima facie* case, the burden shifts to the taxpayer to challenge the government's showings "on any appropriate ground" including improper purposes such as harassment, pressure to settle a collateral dispute or "for any other purpose reflecting on the good faith of the particular investigation". *Id*. at 111 (quoting *Powell*, 379 U.S. at 58).  The taxpayer's burden is a "heavy" one and if the taxpayer fails to meet this burden, the enforcement should be granted.  *White*, 853 F.2d at 111.

Based upon the record, the Court finds that the government has satisfied the *Powell* criteria with the submission of Revenue Officer Bailey's affidavit.  Revenue Officer Bailey stated that she was conducting an investigation into the tax liability of respondent.  As such, there is a legitimate purpose for the summonses.  *See White*, 853 F.2d at 112 (holding that the IRS is required to declare only a "good-faith pursuit of the congressionally authorized purposes of § 7602").  In furtherance of the inquiry, respondent's records and testimony may be relevant. *Id*.

(citing *U.S. v. Davey*, 543 F.2d 996, 1000 (2d Cir. 1976) (holding that the test for relevance is whether the inspection might throw light on the correctness of the taxpayer's return). Finally, Revenue Officer Bailey averred that the information sought is not already within the possession of the IRS and that the administrative steps required by the Internal Revenue Code have been followed. Accordingly, the Court finds that the government has established a *prima facie* case for enforcement of the summonses. As respondent has no objection to the enforcement of the summonses, the Court grants the government's petition.

### III.  CONCLUSION

It is therefore

**ORDERED**, that the government's petition (Dkt. No. 1) to enforce the IRS summonses is **GRANTED**; and it is further

**ORDERED**, that respondent is directed to produce all books, papers, records and other data for the fiscal years ended July 31, 2002, July 31, 2004 and December 31, 2005 and for the calendar years ended December 31, 2005, December 31, 2006 and December 31, 2007 requested in the summonses before a proper officer of the IRS, on or before October 2, 2009; and it is further

**ORDERED**, that respondent shall appear before a proper officer of the IRS, on or before October 2, 2009, for the purpose of giving testimony regarding the aforementioned fiscal and calendar years; and it is further

**ORDERED** that the Clerk of Court shall serve of a copy of this Order upon respondent by regular mail.

**ORDERED**, that failure to comply with this Order may be cause for sanctions, including

contempt.

**IT IS SO ORDERED.**

Date:  September 2, 2009

_____
Norman A. Mordue
Chief United States District Court Judge